

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BENJAMIN SMITH

v.

FRANKLIN TENNIS, et al.

**FILED**

MAR 0 6 2009

MICHAEL E. KUNZ, Clerk
By _AAR_ Dep. Clerk

CIVIL ACTION

NO. 08-50

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                              MARCH 5, 2009
UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Benjamin Smith

pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated at the Federal Correctional Institution in

Cumberland, Maryland ("FCI-Cumberland").  For the reasons which follow, the habeas petition

should be dismissed without prejudice.

## PROCEDURAL HISTORY

On April 8, 1993, Smith entered negotiated guilty pleas in the Philadelphia Court of

Common Pleas to the offenses of Robbery, Felony of the First degree, and Possession of an

Instrument of Crime, Generally.  See Smith v. Hollingsworth, 2008 WL 2311281, at *1 (E.D. Pa.

June 3, 2008) (citing Commonwealth v. Smith, No. 127 EDA 2005, Mem. Op. at 1-2 (Pa. Super.

filed May 31, 2006)).  On the same date, consistent with the terms of the negotiated pleas,

petitioner was sentenced to a "total aggregate sentence imposed on all bills" of four to ten (4-10)

years in a state correctional institution.  See Smith v. Hollingsworth, 2008 WL 2311281, at *1

(citing Pa. Super. Ct. Op. filed 5/31/06, at 2).  No post-verdict motions or direct appeals from the

judgments of sentence were filed.[1]  See <u>Smith v. Hollingsworth</u>, 2008 WL 2311281, at *1 (citing Pa. Super. Ct. Op. filed 5/31/06, at 2).

On May 11, 1998, while serving his state sentence, Smith was granted parole by the Pennsylvania Board of Probation and Parole ("Parole Board").  See <u>Smith v. Pa. Bd. of Probat'n & Parole ("PBPP")</u>, No. 123 M.D. 2005, Mem. Op. at 1 (Pa. Commw. filed Mar. 2, 2006); <u>see also</u> <u>Smith v. Hollingsworth</u>, 2008 WL 2311281, at *1.  On September 7, 2001, he was arrested for assault on a police officer and illegal possession of a gun.  See Pa. Commw. Ct. Op. filed 3/2/06, at 2; <u>see also</u> Decl. of Kay Longenberger, Director of Interstate Parole Services dated 8/20/08 ("Longenberger Decl."), ¶ 8.  While the Pennsylvania charges were dropped, a federal grand jury indicted Smith in May 2002 for possession of a firearm by a felon in violation of 18 U.S.C. § 922.  See Pa. Commw. Ct. Op. filed 3/2/06, at 2; <u>see also</u> Longenberger Decl. ¶ 10.

On June 12, 2002, Pennsylvania authorities released Smith to federal custody, where he remained until, as this Court's criminal docket reflects, he was convicted on April 22, 2003 in this Court as a felon in possession of a firearm, and was sentenced on that same date by the Honorable Stewart Dalzell to 120 months in a federal correctional facility and two (2) years supervised release.[2]  See <u>United States v. Smith</u>, Crim. A. No. 02-308, Judgment (E.D. Pa. Apr.

_____

1.  On Jan. 9, 2004, Smith filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-46, challenging the validity of his Pennsylvania conviction and aggregate sentence.  See <u>Smith v. Hollingsworth</u>, 2008 WL 2311281, at *1.  The PCRA Court dismissed the petition as untimely, the Superior Court of Pennsylvania affirmed that dismissal, and Pennsylvania's Supreme Court denied allowance of appeal.  <u>Id.</u>  He thereafter filed in this Court in Jan. 2008 a § 2254 petition challenging his Pennsylvania conviction and sentence, and that petition was also found time-barred.  <u>Id.</u> at *1, *7.

2.  This judgment of sentence has since become final, and Smith's subsequent application for a certificate of appealability ("COA") from Judge Dalzell's denial of petitioner's Motion to Vacate, Set Aside, or Correct Sentence has been denied by the Court of Appeals for the Third

22, 2003); see also United States v. Benjamin Smith, Crim. A. No. 02-308, Order (E.D. Pa. Nov. 1, 2007) (denying Smith's motion filed under 28 U.S.C. § 2255); Pa. Super. Ct. Op. filed 5/31/06, at 3. Judge Dalzell further directed that Smith was to "receive credit for time served in Federal Custody since June 12, 2002." See United States v. Smith, Crim. A. No. 02-308, Judgment at 3 (E.D. Pa. Apr. 22, 2003).

On April 23, 2003, Smith was transferred back to the custody of Pennsylvania's Department of Corrections ("DOC"). See Pa. Commw. Ct. Op. filed 3/2/06, at 2; Longenberger Decl. ¶ 13. The Parole Board conducted a timely revocation hearing and, in a decision rendered in July 2003, the Board recommitted Smith to serve eighteen (18) months of backtime "when available" as a convicted violator, see Parole Bd.'s Notice of Decis'n dated 7/25/2003. See Pa. Commw. Ct. Op. filed 3/2/06, at 2; Longenberger Decl. ¶¶ 14-15. On February 7, 2005, the Board lifted its detainer in order to allow Smith to return to federal custody, and federal authorities transported him to a federal prison on February 28, 2005. See Pa. Commw. Ct. Op. filed 3/2/06, at 2; Longenberger Decl. ¶ 16. Shortly thereafter, on March 14, 2005, the Parole Board relodged its detainer warrant on Smith with the U.S. Bureau of Prisons ("BOP"), which the BOP acknowledged with a Detainer Action Letter indicating Smith's tentative release date of January 2, 2013 from federal custody. See Pa. Commw. Ct. Op. filed 3/2/06, at 2; Longenberger Decl. ¶¶ 17-18.

After the Parole Board lifted its detainer in February 2005, Smith filed a petition for writ of mandamus in the Pennsylvania Commonwealth Court's original jurisdiction, see Pa. Commw. Ct. Op. filed 3/2/06, at 1, challenging the timing of his release to federal custody and the alleged

—————————————————

Circuit. See United States v. Smith, No. 07-4688, Order (3d Cir. Feb. 22, 2008) (denying COA).

failure of the state to credit him with time that he spent in state custody.  Id. at 2-3; Pet. for

Mandamus dated 2/16/05, at 2.  By Memorandum Opinion filed March 2, 2006, the

Commonwealth Court found that:

> The Board's recalculation of a parole violation maximum term of
> expiry is within this court's appellate jurisdiction, and is not a
> matter within the court's original jurisdiction. . . . Jurisdiction over
> complaints sounding in mandamus, where the complaint is not a
> direct or collateral attack on the conviction or sentence, is vested
> exclusively in our original jurisdiction. . . . Therefore, insofar as
> Smith seeks to compel the Parole Board to reassume custody prior
> to completion of his federal sentence, the action is properly before
> this court in our original jurisdiction.  However, insofar as Smith
> seeks to compel a recalculation of his term of imprisonment upon
> his recommitment on the parole violation, he must address this
> issue to our appellate jurisdiction.

See Pa. Commw. Ct. Op. filed 3/2/06, at 3 n.3 (citations to Pennsylvania caselaw omitted).

Thus, to the extent petitioner challenged the calculation of his Pennsylvania sentence, the

Commonwealth Court found that jurisdiction was not proper since petitioner "must address this

issue to [the Commonwealth Court's] appellate jurisdiction."  Id. (citing McMahon v. Bd. of

Probat'n and Parole, 470 A.2d 1337 (Pa. 1983)).  The Court further found that to the extent that

Smith challenged the timing of his release to federal custody, that claim was without merit since

"there exists no conflict between the federal and State statutes" in that regard, and the "Parole

Board breached no duty when it permitted Smith's return to federal custody."  See Pa. Commw.

Ct. Op. filed 3/2/06, at 4-5.  On December 27, 2006, the Supreme Court of Pennsylvania

affirmed the Order of the Commonwealth Court.  See Smith v. PBPP, No. 68 MAP 2006, Order

(Pa. Dec. 27, 2006).

On January 2, 2008, the Clerk of Court received Smith's federal habeas petition.  See

4

Hab. Pet. (Doc. 1) at 1.  Although Smith labels his claims, "Abuse of Comity" and "Due Process," respectively, <u>see</u> Hab. Pet. ¶¶ 12(A) and 12(B), the gravamen of his claims is that "he was prejudiced when state authorities [allegedly] failed to credit [him with] time in state custody toward the unexpired state term," <u>id.</u> ¶ 12(A); <u>see</u> <u>id.</u> ¶ 12(B) (claiming the Parole Board "failed to credit Mr. Smith with two years in state custody").  Specifically, he appears to be alleging that, after an alleged "abuse of comity," <u>see</u> Hab. Pet. ¶ 12(A), his due process rights were violated, <u>see</u> <u>id.</u> ¶ 12(B), in that the state has allegedly failed to give him credit toward his state sentence for time served in state custody.  <u>Id.</u> ¶ 12(A) ("Mr. Smith was prejudiced when state authorities **failed to credit time in state custody** toward the unexpired state term.") (emphasis added); <u>id.</u> ¶ 12(B) ("The Pennsylvania Parole Board **failed to credit Mr. Smith with two years in state custody**.") (emphasis added).  In opposition to the habeas petition, respondent states that the petition should be dismissed for improper venue, or in the alternative, transferred to the Middle District of Pennsylvania, <u>see</u> Answer to Hab. Pet. ¶¶ 32-42, that his petition should be dismissed for failure to exhaust state remedies, <u>id.</u> ¶¶ 43-58, that Smith's challenge to the computation of his state sentence is not ripe, <u>id.</u> ¶¶ 59-76, and that Smith has failed to state a claim for which habeas relief may be granted, <u>id.</u> ¶¶ 77-98.

## DISCUSSION

Since petitioner challenges the execution of his Pennsylvania sentence, <u>see</u> Hab. Pet. ¶ 12(A)-(B), his petition is properly brought under § 2254.  <u>See, e.g.,</u> <u>DeVaughn v. Dodrill</u>, 145 Fed. Appx. 392, 394 (3d Cir. Aug. 23, 2005) ("[a] prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may

not proceed under § 2241"); Smith v. Hollingsworth, 2008 WL 2311281, at *2 n.2; see also 28 U.S.C. § 2254.  Furthermore, while it appears that petitioner is serving his federal sentence, he satisfies the "in custody" requirement of the habeas statute in light of the state sentence which he must serve following his release from federal confinement.  See Maleng v. Cook, 490 U.S. 488, 493 (1989) (where § 2254 petitioner who challenged his state sentences would be returned to state authorities to serve his state sentences at the conclusion of his federal sentence, he was "in custody" under his state sentences despite the fact that he was still serving his federal sentence); United States ex rel. Meadows v. New York, 426 F.2d 1176, 1179 (2d Cir. 1970) (federal prisoner challenging a state conviction and sentence which was to be served consecutively to his federal sentence was "in custody" under his state court conviction, and habeas petition was properly filed in the district court within which the State court was held which convicted and sentenced the petitioner), cert. denied, 401 U.S. 941 (1971); Smith v. Hollingsworth, 2008 WL 2311281, at *2 n.2; see also 28 U.S.C. § 2241(d); 28 U.S.C. foll. § 2254, Rule 1(a)(2) (providing that the rules governing § 2254 petitions apply to "a person in custody under a state-court or federal-court judgment who seeks a determination that future custody under a state-court judgment would violate the Constitution, laws, or treaties of the United States").  Finally, the petition was properly filed "in the district court for the district within which the State court was held which convicted and sentenced him."  See 28 U.S.C. § 2241(d); Smith v. Hollingsworth, 2008 WL 2311281, at *2 n.2; see also Meadows, 426 F.2d at 1179.

With regard to petitioner's claims, which challenge the computation of petitioner's state sentence, the Director of Interstate Parole Services for Pennsylvania's Parole Board represents that "[t]he [Parole] Board has yet to recalculate Smith's backtime and will not be able to do so

until Smith completes his federal sentence and is returned to the custody of the Department of Corrections." <u>See</u> Longenberger Decl. ¶ 19.  She further confirms that: "Once Smith is returned to Department of Corrections custody, the Board will be able to calculate how much backtime Smith owes on his original state sentence and how much, if any, credit Smith is due on that sentence." <u>Id.</u> ¶ 20.  Thus, Smith's challenges to the credit he will receive for time already served in state custody toward the computation of his release date on his state sentence appear to be premature, as the Board "has yet to recalculate Smith's backtime" or to calculate "how much, if any, credit Smith is due on [the state] sentence," <u>id.</u> ¶¶ 19-20.  <u>See, e.g.</u>, <u>Jones v. Folino</u>, 2007 WL 4456718, at *10 (W.D. Pa. Dec. 17, 2007) (holding that petitioner's habeas claim was not ripe where he claimed that Pennsylvania's Parole Board failed to give him credit toward his state sentence for time in state custody prior to being transferred to serve his federal sentence, since "the Board will issue a formal recalculation order when the Board is required to do so, namely, at the end of Petitioner's federal sentence").

In addition, "[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)), <u>cert.</u> <u>denied</u>, 532 U.S. 919 (2001); <u>Toulson v. Beyer</u>, 987 F.2d 984, 986 (3d Cir. 1993).  In order for a federal habeas petitioner to satisfy the exhaustion requirement, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999); <u>see</u> <u>Wenger v. Frank</u>, 266 F.3d 218, 223 (3d Cir. 2001), <u>cert.</u> <u>denied</u>, 535 U.S. 957 (2002).

The petitioner has the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief. Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982).  Thus, "[t]he habeas petitioner bears the burden of proving that he has exhausted available state remedies."  Toulson, 987 F.2d at 987.

Title 28 U.S.C. § 2254(c) expressly provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented."  In the event that a federal court determines that there exists any possibility of state court review, the petition should be dismissed without prejudice.  See Banks v. Horn, 126 F.3d 206, 213 (3d Cir. 1997); Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996); Toulson, 987 F.2d at 987.

In this case, even assuming that his challenges to the calculation of his state sentences were ripe, petitioner has not demonstrated that state court review is unavailable.  Indeed, the Commonwealth Court confirmed that "insofar as Smith seeks to compel a recalculation of his term of imprisonment upon his recommitment on the parole violation, he must address this issue to our appellate jurisdiction."  See Pa. Commw. Ct. Op. filed 3/2/06, at 3 n.3.  In that petitioner has failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," see O'Sullivan, 526 U.S. at 844-45, he has failed to satisfy the exhaustion requirement.  See Banks, 126 F.3d at 213; Doctor, 96 F.3d at 681; Toulson, 987 F.2d at 987.  Therefore, in light of the fact that Smith's claims are premature since Pennsylvania's Parole Board "has yet to recalculate . . . how much backtime Smith owes on his original state sentence and how much, if any, credit

8

Smith is due on that sentence," see Longenberger Decl. ¶¶ 19-20; see, e.g., Jones, 2007 WL

4456718, at *3 (observing that the Parole Board was required to issue a recalculation order "at

the end of Petitioner's federal sentence"), and that petitioner has also failed to satisfy the

exhaustion requirement, his habeas petition should be dismissed, without prejudice.[3]

Under § 2253(c)(1), "an appeal may not be taken to the court of appeals" from the final

---

3.  It is further noted that to the extent that Smith's habeas petition may be construed as claiming that the state erred in "fail[ing] to yield to federal policy under the Supremacy Clause" by not returning him to federal custody sooner, that claim is now moot since, as in Jones v. Folino, "[p]etitioner has been released from being in the physical custody of the Board, and has begun serving his federal sentence," see Jones, 2007 WL 4456718, at *9 (holding that petitioner's habeas claim "that his remaining in the Board's custody after the federal conviction" for a period of time prior to being transferred to federal custody to begin serving his federal sentence was moot in that he was now in federal custody).  In addition, Smith has no standing to challenge the sequence in which his sentences are served.  See Rinick v. United States, 2008 WL 5194295, at *3 (E.D. Pa. Dec. 3, 2008) (citing Ponzi v. Fessenden, 258 U.S. 254, 260 (1922)) ("[t]he defendant has no standing to challenge the order in which he is tried or punished for such offenses."); see also Poland v. Stewart, 117 F.3d 1094, 1098 (9th Cir. 1997) ("[A]s pointed out by the Supreme Court in [Ponzi] the arrangement made between the two sovereigns, the state and federal governments, does not concern the defendant who has violated the laws of each sovereignty and he cannot in his own right demand priority for the judgment of either."), cert. denied, 523 U.S. 1082 (1998); id. at 1098 (quoting Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1950)) ("It is well recognized rule of law that a person who has violated the criminal statutes of both the Federal and State Government may not complain of the order in which he is tried or punished for such offenses."); Bowman v. Wilson, 672 F.2d 1145, 1154 (3d Cir. 1982) (finding that the habeas petitioner lacked standing, the Court stated that "numerous decisions have concluded that '[t]he exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner.'"); Brewer v. Maroney, 315 F.2d 687, 688 (3d Cir. 1963) (citing Ponzi) (denying claim that the state's assertion of jurisdiction over the prisoner violated the principle of comity or the Supremacy Clause of the Constitution, the Court stated "[s]uch a transgressor can hardly be said to have standing to raise a question which is of interest only to the sovereigns involved."); Hampton v. United States, 2007 WL 4554056, at *9 (N.D. Miss. Dec. 19, 2007) (citing Ponzi) ("the primacy of state or federal jurisdiction is a matter for the two sovereigns to determine, and the defendant . . . lacks standing to mount such a challenge.").

order in a § 2254 proceeding "[u]nless a . . . judge issues a [COA]." 28 U.S.C. § 2253(c)(1)(A).

"A COA may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); see Miller-EL v. Cockrell, 123 S. Ct. 1029, 1039 (2003); Slack v. McDaniel, 529 U.S. 473, 483 (2000).  To establish this, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484; see Miller-EL, 123 S. Ct. at 1040.  Here, for the aforementioned reasons, a reasonable jurist could not conclude that the Court would be incorrect in dismissing this habeas petition without prejudice.  See Slack, 529 U.S. at 484.  Since petitioner has not made the requisite showing of the denial of a constitutional right, a certificate of appealability should not issue.  See Slack, 529 U.S. at 484.

My Recommendation follows.

## R E C O M M E N D A T I O N

**AND NOW,** this 5th day of March, 2009, upon consideration of the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and respondent's opposition thereto, for the reasons provided in the accompanying Report, it is hereby **RECOMMENDED** that the habeas petition be **DISMISSED**, without prejudice, and that a certificate of appealability should not issue.[4]

_L. Restrepo_
_____

L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

4.  Petitioner is advised that he may file objections to this Report and Recommendation.  See Local R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| BENJAMIN SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANKLIN TENNIS, et al. | : | NO.  08-50 |


O R D E R

AND NOW, this            day of                                    , 2009, upon

consideration of the Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 and

the Response thereto, and after review of the Report and Recommendation of United States

Magistrate Judge L. Felipe Restrepo, it is hereby ORDERED that:

    1.  The Report and Recommendation is APPROVED and ADOPTED;

    2.  The Petition for Writ of Habeas Corpus is DISMISSED, without prejudice;

    3.  A certificate of appealability shall not issue since, for the reasons set

forth in the Report and Recommendation, petitioner has not made a substantial showing of the

denial of a constitutional right.


BY THE COURT:


_____

TIMOTHY J. SAVAGE, J.